IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                              No.  3:05CV00027 GTE

CECILIA SUE TILLEY, WALTER CECIL
TEMPLETON, GUY CALVIN TEMPLETON,
DENNIS TEMPLETON Heir OF CARMEN
BEATRICE ADEN, Deceased, JOSHUA McCAIN
TILLEY, AMBER LACEY McCAIN TILLEY, and
FELICITY McCAIN TILLEY, Heirs of MARY
CAROL McCAIN, Deceased, all Heirs of CARMEN
TEMPLETON, Deceased, and their Spouses, if any;
J & J BONDING, INC.; J.E. BONDING, INC. and
REED OIL COMPANY, INC.                                                 DEFENDANTS

## JUDGMENT

Upon application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants, Cecilia Sue Tilley, Walter Cecil Templeton, Guy Calvin Templeton, Dennis Templeton (Heir of Carmen Beatrice Aden, Deceased), Joshua A. McCain Tilley, Amber Lacey McCain Tilley and Felicity McCain Tilley- Heirs of Mary Carol McCain, Deceased, all Heirs of Carmen Templeton, Deceased, and their spouses, if any; are not infants or incompetent persons, and are not in the military service of the United States, and it appearing to the Court that said defendants and J & J Bonding, Inc, after having been personally served, have not answered, appeared or otherwise made any defense to the plaintiff's complaint and are wholly in default, and defendant J.E. Bonding, Inc. answered and consents to entry of this judgment, it is therefore, ORDERED and ADJUDGED:

1.      The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. Carmen Templeton's loan is in default on her obligation to the United States of America, U.S. Department of Agriculture, Rural Development, in the total amount of $18,595.58, which includes a principal sum of $10,940.57, and interest in the sum of $2,773.85 accrued to January 12, 2006, and thereafter at the daily rate of $2.48 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges made pursuant to the terms of the promissory notes and mortgages in the sum of $665.92 and any additional recoverable charges and advances made during the pendency of this action, and costs of this action. Plaintiff United States of America, U.S. Department of Agriculture, Rural Development, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums and for the sum of $4,215.24 interest credit under a subsidy repayment agreement. No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development, is secured by mortgages recorded in Randolph County, Arkansas, as follows:

|     | Date of Mortgage | Date Filed | Book, Page | Account No. |
|-----|------------------|------------|------------|-------------|
| (A) | July 14, 1978    | July 14, 1978 | E-4, 150-153 | 0001919322 |
| (B) | July 12, 1990    | July 12, 1990 | C-6, 525   | 0001919335  |
| (C) | March 23, 1999   | March 23, 1999 | P-8, 80  | 0013898211  |

Plaintiff's mortgages, A & B above, constitute a **first lien**, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all the defendants, and each of them, and on mortgage C above, a **second lien**, in and to the following described property in Randolph County, Arkansas:

**A part of a certain strip of land in the S 1/2 of the NE 1/4 Sec. 21, Twp. 20 North, Range 3 East, more particularly described as beginning at the northeasterly corner of Lot 1, Block 103 of the town of Reyno, Arkansas, at the junction of Traffic Street and Hickory Street as**

**now located; thence in a southwesterly direction along the north line of Block 103, Reyno, Arkansas, and the southerly line of Traffic Street, 210 feet, thence in a northwesterly direction and parallel to Hickory Street 60 feet for the real point of beginning of this description; thence in a southwesterly direction along the northerly line of Traffic Street, 90 feet to the easterly line of Hazel Street; thence in a northwesterly direction along the easterly line of Hazel Street 100 feet to the southerly line of First Street; thence in a northeasterly direction along the Southerly line of First Street 90 feet; thence in a southeasterly direction and parallel with Hickory Street and Hazel Street 100 feet to the point of beginning.**

together with all improvements and appurtenances thereon.

    4.    Carmen Templeton passed away on April 9, 2005, after the United States had filed its foreclosure action. The complaint was amended to name the heirs of Carmen Templeton. The interest of defendants, Cecilia Sue Tilley (no spouse), Walter Cecil and Linda Templeton, Guy Calvin and Dorothy Templeton, Sr.; Dennis and Judy Templeton (son of Carmen Beatrice Aden, Deceased); and Joshua McCain Tilley (no spouse), Amber Lacey McCain Tilley (no spouse), and Felicity Nicole McCain Tilley (no spouse) are all children of Mary Carol McCain, Deceased, and adopted by Cecilia Sue Tilley; all Heirs of Carmen Templeton, Deceased, is subordinate and inferior to plaintiff's mortgages and is hereby foreclosed.

    5.    The defendant J.E. Bonding, Inc. filed an answer and claims an interest in a total amount of $2,818.25 representing $2,105.00 for bond premium with interest at 10% of $713.25, on a Mortgage with Carmen Templeton filed on October 21, 1997, and recorded in Mortgage Book B-8 at page 316 in the Records of Randolph County, Arkansas. Defendant J.E. Bonding, Inc.'s **first lien** is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants, and each of them, prior and superior to the United States $1,000.00 promissory note dated March 23, 1999, and mortgage filed on March 23, 1999 (Listed as mortgage C in paragraph 3).

6. After having been properly served, the defendant Reed Oil Company was dismissed by Order of the Court on January 10, 2006, stating it had no interest in the property.

7. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the North door of the Randolph County Courthouse, Pocahontas, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit.  The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

8. Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower

of the defendants, and each of them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

9. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

10. The sale proceeds, after expenses of sale, shall be paid to the plaintiff, United States of America, to the extent of the indebtedness owed to the United States of America on Account Numbers 0001919322 and 0001919335 (mortgages A and B listed in paragraph 3). In the event there is an excess beyond the amount owed to the United States on said mortgages (A&B), then to J.E. Bonding, Inc., to the extent of the indebtedness owed to it. In the event there is an excess beyond the mortgage indebtedness to J.E. Bonding, Inc., then to the United States of America to the extent of the indebtedness owed to it on Account Number 0013898211 (mortgage C listed in paragraph 3). Any surplus thereafter shall be retained in the registry of the Court subject to further orders of the Court.

11. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

/s/Garnett Thomas Eisele

DATED: March 7, 2006                                   UNITED STATES DISTRICT JUDGE


APPROVED:

/s/ Gary Edwards

Gary Edwards
J.E. Bonding, Inc.